**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY HANNON,

      Plaintiff,

v.

M. TUZAS,

      Defendant.

_____/

Case No. 23-12250
Hon. Jonathan J.C. Grey
Magistrate Judge Patricia T. Morris

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION (ECF No. 32)**

## I.    INTRODUCTION

Pro se Plaintiff Anthony Hannon commenced this 42 U.S.C. § 1983 action against Defendant M. Tuzas on August 21, 2023 in the Western District of Michigan, and it was transferred to this district on September 1, 2023. (ECF No. 1.) Hannon alleges that his rights were violated under the Religious Land Use and Institutionalized Persons Act, the First Amendment of the United States Constitution, and the Michigan Constitution. (*Id.*) On April 18, 2025, Defendant M. Tuzas filed a motion

for summary judgment. (ECF No. 26.) The motion was fully briefed.[1]

This matter comes before the Court on Magistrate Judge Patricia Morris' Report and Recommendation ("R&R") dated October 24, 2025. (ECF No. 32.) In the R&R, Judge Morris recommended that the Court grant Tuzas' motion for summary judgment. Hannon filed objections to the R&R (ECF No. 35), to which Tuzas filed a response (ECF No. 36).

For the reasons stated below, the Court **ADOPTS** the R&R as to the findings of facts, conclusions of law, and **GRANTS** Tuzas' motion for summary judgment. (ECF No. 26.)

## II.   ANALYSIS

### A.   Legal Standard

The Court reviews de novo any portion of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine

---

[1] Hannon filed a motion to deny defendant's motion for qualified immunity and failure to state a claim. (ECF No. 28.) The Court interprets this motion as a response to Tuzas' motion for summary judgment and, like Judge Morris, considers it as such. However, even if Hannon intended ECF No. 28 to be an independent motion, the Court **DENIES** it **AS MOOT** since the Court grants Tuzas' motion for summary judgment.

2

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986). That is, the nonmoving party must provide specific facts to rebut or cast doubt on the moving party's proffered facts.

Summary judgment must be entered against a party who fails to establish the existence of an element essential to that party's case on "which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a

3

complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–323 (internal quotation marks omitted).

### B.    First Objection

Hannon's first objection contends that a genuine issue of material fact exists that would affect the outcome of the suit. Specifically, Hannon argues that on December 23, 2022, when he asked Tuzas why he was not on the list for Friday prayer, Tuzas responded, "You wrote a grievance on me, [a]nd when you write a grievance on me[,] you [a]in[']t got shit coming. That's why you [sic] not on there." (ECF No. 35, PageID.249.) Hannon generally asserts that Tuzas' statement is sufficient for a reasonable fact finder to find in Hannon's favor. (*Id.* at PageID.250.) As Tuzas argues, however, Hannon does not connect this objection to any particular portion of the R&R or specify to which claim this would present a genuine issue of material fact—an error fatal to this objection.

Under E.D. Mich. LR 72.1(d)(1), Hannon was required to: (1) "specify the part of the order, proposed findings, recommendations, or report" to which he objects, and (2) "state the basis for the objection." "[A] general objection to a magistrate [judge]'s report, which fails to specify

the issues of contention," does not satisfy the requirement. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–509 (6th Cir. 1991)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (citing *Howard*, 932 F.2d at 509).

Hannon's objection amounts to a general objection to the R&R. He does not specify the part of the R&R to which he objects and fails to identify the *specific* error in the R&R. Thus, the Court is not obligated to address his first objection. *See, e.g., Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) ("This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations[.]").

Even so, Hannon's first objection fails on the merits. Hannon's argument that a genuine dispute of material fact exists relies entirely on an allegation in his complaint. However, Hannon's "allegations in his complaint, by themselves, are insufficient to withstand summary judgment." *Murray v. Guernsey*, No. 1:11-cv-1045, 2012 WL 2417651, at

5

*3 (W.D. Mich. June 26, 2012) (citing *Simmonds v. Genesee Cnty.*, 682 F.3d 438, 445 (6th Cir. 2012)); *see also Celotex Corp.*, 477 U.S. at 324 (internal quotation marks and citation omitted) (The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.").

Accordingly, the Court **DENIES** Hannon's first objection.

## C.    Second Objection

Hannon's second objection contends that Tuzas was personally involved in adding and removing prisoners from the religious call-out list. (ECF No. 35, PageID.250.) In support of his argument, Hannon cites to Tuzas' declaration, where Tuzas states that he "informed Hannon that the proper procedure to be placed on the call-out schedule was to send [Tuzas] a written request, commonly referred to as a 'kite' to be placed on the call-out[.]" (ECF No. 26-3, PageID.176.) Hannon appears to assert that a genuine issue of material fact exists as to whether Tuzas denied him the right to practice his religion.

Hannon's objection, as Tuzas notes, conflates the process of adding an eligible prisoner to the offender call-out management system with the

process for arranging the prisoner's daily schedules and call-out list for services. Tuzas' declaration, along with the offender schedule for Hannon, show Tuzas added Hannon to the Friday services in the offender call-out management system shortly after Hannon requested to attend. (ECF No. 26-3, PageID.178; ECF No. 26-4, PageID.182.) Tuzas stated that "having confirmed that Hannon was eligible for his requested service and . . . [having] signed him up for the Offender Callout Management System[,] . . . there was no further action for [Tuzas] to take to effectuate Hannon being placed on the call-out list for services." (ECF No. 26-3, PageID.176.) Tuzas further asserts that he "had no other role in arranging prisoner daily schedules and call[-]outs." (*Id.*) The quoted language of Tuzas' declaration on which Hannon relies does not contradict Tuzas' evidence and thus is not sufficient to create a genuine issue of material fact. Without facts or evidence in the record contradicting Tuzas' evidence or causally linking Tuzas to Hannon's inability to attend the services, Hannon's second objection fails. *See Southers v. Harris*, 785 F.2d 310 (6th Cir. 1986) (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)) ("It is settled law that a civil rights litigant must show a causal connection between a named

7

defendant and the alleged unconstitutional deprivation in order to establish liability of that defendant.").

Accordingly, the Court **DENIES** Hannon's second objection.

## III.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the R&R dated October 24, 2025 (ECF No. 32) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Tuzas' motion for summary judgment (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hannon's motion to deny defendant's motion for qualified immunity and failure to state a claim (ECF No. 28) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Hannon's cause of action is **DISMISSED**.

**SO ORDERED**.

Dated: March 30, 2026                 **s/Jonathan J.C. Grey**
                                      Jonathan J.C. Grey
                                      United States District Judge

8

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager